Sedgwick, Ch. J.
[Dissenting.] The testimony shows that the defendants secured the services of men of great skill and experience, to build the elevator. They selected the chain. The testimony of one of them gives the particulars as to the means of estimating the sufficiency of the chain.
Whether or not, a chain is strong enough for the contingencies of a proposed service, is not a matter of simple apprehension. It- involves peculiar knowledge and the application of scientific principles.
The engineer, who had charge of the machinery of the defendants, is testified by some witnesses to have said on an occasion before the accident, “ That chain is too light for the work of the house,” and immediately after the accident, “I knew that the chain was too light for the work of the house,” or, “ not strong enough.”
There is no evidence that the engineer had seen any sign of weakness or insufficiency of the chain, unless its size was such a sign. The only fact he knew was that it was a three-eighths chain. At the most then, he judged or he had an opinion, not to say he guessed, that the chain was too light. In considering testimony as to its tendency to prove negligence, if a favorable construction for a defendant is equally admissible with one unfavorable, the former is to be made.
At the most, the defendants are to be charged with what was the fact, viz., that the engineer had the opinion that has been referred to. What would be the duty of a master who knew that his engineer had such an opinion ? It could not be other than to obtain the opinion of the men best qualified to judge of such a matter. This the defendants had already done. They had taken, precautions which showed due care on their part. To call upon them *357 to repeat them because of an opinion imputed to them, would seem to be a form only.
What questions could be left to a jury on these facts % None more favorable to the plaintiff, than whether the defendants, according to the facts of the case, should have relied upon the opinion of the engineer rather that that of the experts. There is no fact to show that the engineer’s opinion should have had the more weight. The case shows it was more prudent to take the judgment of the men of the greater skill and experience. Any other conclusion would make the engineer the final judge. To leave the question to the jury when there was no fact to guide them, v/ould put it within their power to find a verdict without any support, against the rule that the preponderance of the testimony must be for the plaintiff to justify a verdict against the defendant.